receipts surrendered and the insurance certificates covering the sugar for the account of the syndicate as pledgee and of the owner as pledgor were surrendered to the insurers. The fire occurred September 8, 1918.

*Milo Otis Bennett, Paul D. Compton* and *William Otis Badger, Jr.,* for appellant.

*W. Calvin Chesnut, William S. Sinclair* and *Bruce Ellison* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, McLAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ. Absent: POUND, J.

---

AUGUST G. CLAMBOUR, Respondent, *v.* GERSETA COR-PORATION, Appellant.

*Contract — sale — action for breach of contract for purchase of mer-chandise — defense that seller had failed to notify purchaser of readiness to deliver as to part of merchandise purchased.*

*Clambour* v. *Gerseta Corporation,* 210 App. Div. 398, affirmed.

(Argued May 7, 1925; decided June 2, 1925.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered December 2, 1924, modifying and affirming as modified a judgment in favor of plaintiff entered upon a verdict directed by the court. The action was for breach of contract for failure to accept fifty bales of raw silk under a contract of sale entered into between Takata & Co., plaintiff's assignor, and the defendant, to be delivered ten bales at a time. One of the rules of the Silk Association of America, which was made a part of the contract, is as follows: " Seller should notify buyer of readiness to deliver in accordance with contract terms of delivery and buyer is under equal obligations to call for silk when due him, but inadvertent failure of either party to tender or call for delivery shall not void contract where readiness to deliver can be proved." The answer set up as a defense that the seller in breach of its agreement failed to notify it during July of readiness to deliver said raw silk in accordance with the terms of

the contract, and that the defendant was at all times ready, willing and able to accept and pay for deliveries in accordance with the contract, which it had fully performed, except in so far as it was prevented by Takata & Co. It appeared on the trial that the seller had notified defendant within the required time that twenty bales had arrived and were ready for shipment but that defendant had never called for them. Plaintiff contended that the seller had defaulted in failing to notify as to the remainder.

*Herman Shulman, Mortimer Hays, Jacob J. Podell* and *A. Kane Kaufman* for appellant.

*Harry C. Kayser* and *Webster J. Oliver* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, McLAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ. Absent: POUND, J.

---

MARIE C. DOLGE, as Administratrix of the Estate of EDWARD H. DOLGE, Deceased, Appellant, *v.* COMMERCIAL CASUALTY INSURANCE COMPANY, Respondent.

*Insurance (accident) — action to recover upon· poli y insuring against injury while passenger on public conveyance — no recovery for gunshot wound received while waiting for train on platform of station.*

*Dolge* v. *Commercial Casualty Ins. Co.*, 211 App. Div. 112, affirmed. (Argued May 7, 1925; decided June 2, 1925.)

APPEAL from a judgment, entered December 19, 1924, upon an order of the Appellate Division of the Supreme Court in the second judicial department, which reversed a judgment in favor of plaintiff entered upon an order of Special Term granting a motion by plaintiff for judgment on the pleadings and directed a dismissal of the complaint. The action was brought by the plaintiff, as administratrix, to recover a single indemnity under a policy termed "Travel Accident Policy," issued to Edward H. Dolge, the deceased, which provided insurance in the event of an accident while the assured was a passenger on a public conveyance. The amended com-